THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAYLOR BLAKE, § | |
|     Plaintiff, § | |
| v. § | CASE NO. |
| § | |
| PAPA JOHN'S USA, INC. &, § | |
| HOUSTON PIZZA VENTURE, LP, § | |
|     Defendant. § | |
| § | JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

**TAYLOR BLAKE**, Plaintiff in the above numbered and styled cause, files his Original Complaint complaining of **PAPA JOHN'S USA, INC. & HOUSTON PIZZA VENTURE, LP,** Defendants herein, and in support thereof shows this Court as follows:

1. This is a suit in law and in equity, authorized and instituted pursuant to The Americans with Disabilities Act of 1990 (ADA), The ADA Amendments Act of 2008 (ADAAA), 42 U.S.C. §12101, *et seq.*, 29 C.F.R. 1614.203(b) 2008 and the Texas Commission on Human Rights Act (TCHRA). The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by these laws protecting people such as the Plaintiff from employment discrimination, a hostile work environment, and termination, as well as from retaliation for disclosing his disabilities and opposing such unlawful practices, based on disability. This Court's supplemental jurisdiction is invoked as to the state law claims herein.

1

**Venue**

2. Venue is proper in the U.S. District Court for the Southern District of Texas, Houston Division. A substantial part, if not all, of the cause of action accrued or arose in the Southern District of Texas, Houston Division. Defendants maintain sufficient business contacts within the counties comprising the Houston Division. Furthermore, the Plaintiff resided within the Houston Division during the pertinent time in question.

**Parties**

3. Taylor Blake ("Taylor") is disabled, is currently a resident of Texas, and was a Texas resident during the time in question. At all times material hereto, Taylor was an employee of Defendants, as understood and defined by the ADA, ADAAA and TCHRA.

4. Papa John's USA, Inc. is a corporation. It may be served with this lawsuit by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St, STE. 900, Dallas, TX 75201. At all times material hereto, Defendants were Taylor's employer, as understood and defined by the ADA, ADAAA and TCHRA.

5. Houston Pizza Venture, LP is a corporation. It may be served with this lawsuit by serving its registered agent for service of process, Fred R. Franzoni IV, 25329 Budde Rd., Suite 704, The Woodlands, TX. 77380. At all times material hereto, Defendants were Taylor's employer, as understood and defined by the ADA, ADAAA and TCHRA.

**Facts[1]**

6. Taylor has a learning disability and speech disability. The types of disabilities that Taylor has are best described as being mentally challenged with a speech impediment. As a result, Taylor attended special education classes throughout his school history. Taylor began his employment with Papa John's Pizza as a delivery driver on or about October 2018.

7. Prior to the discriminatory treatment that is the subject matter of this federal complaint, Taylor was treated well by the management at the store (9727 Spring Green Blvd. Katy, TX. 77494, Houston Pizza Venture, LP, "Spring Greens Store"). However, that all changed when a manager named Eli Perez was hired by the Defendants on or about August 2019.

8. Taylor informed Mr. Perez about his disabilities when Mr. Perez first began working at the Spring Greens Store. Taylor tried to have discussions with Mr. Perez about his disabilities on several occasions. Taylor advised Mr. Perez that he was a little slow and that Mr. Perez should take his time when explaining things to him. However, instead of accommodating Taylor's disabilities, Mr. Perez intentionally gave Taylor between two (2) and ten (10) hours a week to work, while other drivers were given approximately 25 to thirty 30 hours a week. Mr. Perez and other managers at the Spring Greens Store, intentionally starved Taylor from work hours. Also, Mr. Perez would not always compensate Taylor for tips Taylor earned.

---

1  These facts are by no means exhaustive.

9. Not only did Mr. Perez drastically cut Taylor's hours, he also bullied and yelled at Taylor on numerous occasions.  In an effort to justify firing Taylor, Mr. Perez wrote him up, for no good reason, and threatened to fire Taylor while he allowed other delivery drivers to smoke marijuana and engage in many safety/health violations.

10. After being subject to a hostile work environment based on his disabilities by Mr. Perez, Taylor decided to file a complaint.  On or about February 5, 2020, Taylor called Houston Pizza Venture at 281-580-6088 to report that he was being discriminated against and subject to a hostile environment by his boss, Eli Perez, because of his disabilities.

11. A couple of weeks passed but no one from Defendants followed up on Taylor's request to file a complaint of disability discrimination. However, on or about February 21, 2020, a shift manager named "Bowe' yelled and screamed at Taylor. Bowe went on a tirade in Taylor's face, stating many hostilities, including but not limited to, "That's your fucking Job!... You are a fucking idiot! I'm going to make sure you get no more deliveries now! You don't know what the fuck you are talking about!" This conversation is the subject of an audio recording. Bowe further stated he was not going to give Taylor any more deliveries which proves Taylor's claim that the Defendants were intentionally starving Taylor from work hours, compared to his similarly situated non-disabled coworkers.

12. Taylor filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on or about April 29, 2020.

13. Taylor transferred to another store (455 Katy Fort Bend Rd. Suite 400, Katy, TX. 77494, Houston Pizza Venture, LP, "Katy Store") of Defendants on or about May 2020. Taylor initially seemed to be treated better at the Katy Store. The General Manager at the Katy Store is named Marco Rodriguez.

14. Mr. Rodriguez initially treated Taylor fairly. Taylor even received an "Exceptional Customer Service" award on or about July 23, 2020.

15. However, close in time to when Defendants filed with the EEOC their written response to Taylor's EEOC Charge (September 3, 2020), Mr. Rodriguez started treating Taylor differently than his similarly situated coworker delivery drivers. It was also during this time period, Mr. Perez started coming over to the Katy Store and conversating with Mr. Rodriguez. It's highly suspect that Mr. Perez was coming to the Katy Store right around the time the Defendants were preparing their response to Taylor's EEOC Charge.

16. Soon after September 3, 2020, Mr. Rodriguez began to write Taylor up for allegations that Taylor was taking to long to deliver pizzas. However, Taylor's non-disabled coworkers were not written up when they actually did take too long to make deliveries.

17. Taylor was unlawfully terminated on or about January 28, 2021.

18. The EEOC issued Taylor a Right to Sue Notice on or about February 26, 2021.

## CAUSES OF ACTION

19. Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

**Disability Discrimination and Retaliation under the ADA, ADAAA, and TCHRA**

20. Defendant has intentionally discriminated against Plaintiff in violation of the ADA, ADAAA and TCHRA based on Plaintiff's Disabilities, engaged in a hostile work environment based on disability, failed to provide reasonable accommodations, terminated Plaintiff due to his disabilities, retaliated against Plaintiff for his request for reasonable accommodations and for opposing such unlawful practices, based on disability.

## DAMAGES

21. Plaintiff seeks actual damages, including but not limited to lost wages and benefits.

22. As a result of Defendants' intentional, discriminatory and unlawful acts described above, Plaintiff has suffered and continues to suffer actual damages and compensatory damages including but not limited to mental anguish, humiliation, emotional distress, ulcers and damage to his professional reputation, all to his detriment and compensable at law. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

23. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief. Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendants'

policies, practices, customs, and usages set forth herein.

24. The effect, purpose and intent of the policies and practices pursued by Defendants has been and continues to be to limit, classify, and willfully discriminate against employees on the basis of disability and otherwise adversely affect their status as employees because of same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court advance this cause on the docket, order a speedy trial at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

i. Grant Plaintiff a preliminary and permanent injunction enjoining Defendants, its agents and employees and those acts from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of his disability, retaliate against Plaintiff or otherwise deprive Plaintiff of his rights and privileges secured by Federal Law and State Law.

ii. Grant Plaintiff a declaratory judgment that the practices, policies, customs and usages complained of herein are violative of his rights protected by the ADA ADAAA and TCHRA.

iii. Order the Defendants to grant Plaintiff additional equitable, actual and compensatory relief, requiring said Defendant to make Plaintiff whole, including but not limited to promotions, back pay and front pay including all accrued interest, insurance benefits, pension benefits, bonuses, vacation benefits, sick leave, and other incidental benefits that attach to and were

   incidental to Plaintiff's employment with Defendants and incidental to each such position sought by Plaintiff, as authorized by statute.

iv.  Order the Defendants to grant Plaintiff compensatory damages.

v.  Order the Defendants to pay punitive damages.

vi.  Order front pay for Plaintiff, who has been discharged, in lieu of reinstatement, if reinstatement is not feasible.

vii.  Grant an Order restraining Defendants from any retaliation against Plaintiff for participation in any form in this action.

viii.  Grant Plaintiff his costs incurred herein, and as part of such costs, reasonable Attorneys' fees and Expert witness fees and such further, additional or alternative relief and affirmative action orders as may appear equitable and just.

            Respectfully submitted,

          By: /S/ Ashok Bail_____
           ASHOK BAIL
           STATE BAR #24043541
           3120 Southwest Freeway, Suite 450
           Houston, Texas 77098
           (832) 216-6693 (Tel)
           (832) 263-0616 (Fax)
           ashok@baillawfirm.com